RODNEY VASHON WILLIAMS,    )
                                )
          Petitioner,      )
                                )
       v.               )         No. 4:22-cv-00866-JAR
                                )
DENISE HACKER,        )
                                )
          Respondent.    )

## MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner Rodney Vashon Williams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

### Background

Petitioner is a self-represented litigant who is currently in custody at the Southeast Missouri Mental Health Center, where he is undergoing Sexual Offender Rehabilitation and Treatment Services. On September 5, 2003, he was indicted by a grand jury of forcible rape. *State of Missouri v. Williams*, No. CR03004708-01 (16th Jud. Cir., Jackson County).[1] Petitioner pled guilty on June 17, 2004. On July 7, 2004, he was sentenced to fifteen years' imprisonment.

On July 20, 2018, the State of Missouri filed a petition pursuant to RSMo §§ 632.480 to 632.513, seeking to commit petitioner as a sexually violent predator. *In the Matter of Rodney Williams*, No. 18P8-PR00940 (16th Jud. Cir., Jackson County). Following a bench trial on June 7,

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2021, the circuit court found petitioner to be a sexually violent predator, and committed him to the custody and control of the Missouri Department of Mental Health. Petitioner filed a notice of appeal. On July 21, 2022, the Missouri Court of Appeals affirmed the judgment of the circuit court. *In the Matter of the Care and Treatment of Rodney Williams*, No. WD84625 (Mo. App. 2022).

The Court received the instant 28 U.S.C. § 2254 petition on August 19, 2022. (Docket No. 1). The petition is handwritten on a Court-provided form. In the petition, petitioner challenges the circuit court's determination in *In the Matter of Rodney Williams*, No. 18P8-PR00940 that he is a sexually violent predator.

Along with the petition, petitioner filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Subsequently, he paid the five dollar filing fee.

### Discussion

As noted above, petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to petitioner, however, and as corroborated by the Court's review of petitioner's state record, the action he is challenging took place in Jackson County, Missouri. Jackson County is in the Western Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(1).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

2

28 U.S.C. § 2241(d). Pursuant to this section, the District Courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and the furtherance of justice, transfer the case to the other district for hearing and determination. Additionally, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's petition for writ of habeas corpus attacks a judgment from a circuit court within the Western District of Missouri. The relevant records are thus located there, and if a hearing is required, the Western District of Missouri would be more convenient for witnesses. Moreover, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition arising out of a proceeding in the Western District of Missouri should be transferred to that district. Therefore, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri. Petitioner's motion for leave to proceed in forma pauperis will be denied as moot, as he has paid the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT**, as petitioner has paid the filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United

States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 27th day of September, 2022.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**